**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| VERINT SYSTEMS INC. and <br> VERINT AMERICAS INC. <br><br>                  Plaintiffs, <br><br> v. <br><br> CALLCOPY INC. <br><br>                  Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiffs, Verint Systems Inc. ("VSI") and Verint Americas Inc. ("VAI") (collectively "Verint"), for their Complaint against Defendant, CallCopy, Inc. ("CallCopy"), allege as follows:

### **THE PARTIES**

1. Plaintiff VSI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 330 South Service Road, Melville, NY 11747.

2. Plaintiff VAI is a corporation organized under the laws of the State of Delaware, having its principal place of business at 300 Colonial Center Parkway # 600, Roswell, GA 30076.  VAI is a wholly-owned subsidiary of VSI.

3. Upon information and belief, Defendant CallCopy is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 530 W. Spring St., Columbus, OH 43215.

**JURISDICTION AND VENUE**

4.     This action arises under Title 35 of the United States Code.  Jurisdiction of this Court is based on 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**BACKGROUND**

5.     Verint is engaged in the business of inventing, developing, manufacturing, selling, installing, and/or distributing computer software and hardware products and systems.  The products and systems are directed to, *inter alia*, the analysis, recording, monitoring, transmission, and/or security of electronic communications, such as but not limited to telephonic, facsimile, and e-mail communications to and from contact centers and call centers which handle incoming and/or outgoing contacts with actual and prospective customers and clients.  Verint's technology can provide an end user with the ability to capture, analyze and act on large volumes of complex, and often underused, information sources, such as voice, video, and unstructured text, which can enhance the ability of organizations of all sizes to make more timely and effective decisions based on such information.

6.     Verint's products and systems are used by more than 10,000 organizations in over 150 countries, including over 80 percent of the Fortune 100.  For example, Verint's workforce optimization and voice of the customer solutions are designed to, *inter alia*, help organizations enhance customer service operations in contact centers, branches, and back-office environments, which in turn can increase customer satisfaction, reduce operating costs, identify revenue opportunities, and improve profitability.  Verint uses its core competencies to develop highly scalable solutions with advanced, integrated analytics for both unstructured and structured information.   Verint has expended substantial resources inventing and developing this

technology. For example, Verint utilizes more than 1,000 employees and contractors in research and development throughout the world, and has obtained more than 570 patents and applications worldwide. In its last fiscal last year alone, Verint obtained issuance or allowance of 60 patents and applications in the United States. Verint has licensed one or more of the patents to others in the industry under reasonable terms, through its Open Innovation Network ("OIN") licensing program.

7. On information and belief, CallCopy manufactures, uses, sells, offers to sell, installs, distributes, exports, and/or imports computer software and hardware products and systems directed to and for use in connection with methods involving the analysis, recording, monitoring, transmission, and security of electronic communications, such as telephonic communications to and from contact centers and call centers.

8. Upon information and belief, CallCopy has been manufacturing, using, selling, offering to sell, installing, distributing, exporting, and/or importing computer software and hardware products and systems directed to and for use in connection with methods involving the analysis, recording, transmission, and security of electronic communications under the following trade designations in, into, or from the United States: "CallCopy cc: Discover;" "CallCopy cc: Voice;" "CallCopy cc: Quality;" "CallCopy cc: Analytics;" "CallCopy cc: Screen;" "CallCopy cc: Fusion;" "CallCopy cc: Survey;" and "CallCopy cc: Security."

9. On information and belief, Defendant CallCopy has continuous and systematic contacts with the State of Delaware. CallCopy is incorporated in Delaware, and is registered with the Delaware Department of State (File No. 5053103) to engage in repeated and successive transactions of its business in Delaware, and has designated The Corporation Trust Company,

Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process in Delaware.

## ALLEGATIONS COMMON TO ALL COUNTS

10. Verint is the sole owner of the entire right, title, and interest in and to U.S. Patent No. 6,757,361 ("the '361 patent"); U.S. Patent No. 7,203,285 ("the '285 patent"); U.S. Patent No. 7,376,735 ("the '735 patent"); U.S. Patent No. 7,574,000 ("the '000 patent"); U.S. Patent No. 7,613,290 ("the '290 patent"); U.S. Patent No. 7,774,854 ("the '854 patent"); U.S. Patent No. 7,852,994 ("the '994 patent"); U.S. Patent No. 7,903,568 ("the '568 patent"); U.S. Patent No. 7,925,889 ("the '889 patent"); U.S. Patent No. 8,199,886 ("the '886 patent"); U.S. Patent No. 8,204,056 ("the '056 patent"); U.S. Patent No. 8,290,871 ("the '871 patent"); U.S. Patent No. RE41,534 ("the '534 patent"); U.S. Patent No. RE41,608 ("the '608 patent"); and U.S. Patent No. RE43,324 ("the '324 patent") (collectively, "the Patents-in-Suit").

11. As the owner of the Patents-in-Suit, Verint has the right to bring actions for infringement of the Patents-in-Suit.

12. On information and belief, Defendant CallCopy is infringing and has infringed the Patents-in-Suit in violation of 35 U.S.C. § 271 as follows:

(a) by making, using, offering to sell, and/or selling in the United States or importing into the United States computer software and/or hardware and/or systems, including the following products: "CallCopy cc: Discover;" "CallCopy cc: Voice;" "CallCopy cc: Quality;" "CallCopy cc: Analytics;" "CallCopy cc: Screen;" "CallCopy cc: Fusion;" "CallCopy cc: Survey;" "CallCopy cc: Security" (hereinafter collectively the "Accused Products"), and/or by engaging in or practicing in the United States methods or processes covered by the Patents-In-

Suit, including such methods or processes which utilize one or more of the Accused Products; and/or

(b)  by offering to sell or selling within the United States or importing into the United States a component of a product or system within one or more of the patents of the Patents-In-Suit, or a material or apparatus for use in practicing a method or process within one or more of the patents of the Patents-In-Suit, constituting a material part of one or more of the patents of the Patents-In-Suit, knowing the same to be especially made or especially adapted for use in an infringement of one or more of the patents of the Patents-In-Suit, and not a staple article or commodity of commerce suitable for substantial non-infringing use; and/or

(c)  by supplying or causing to be supplied in or from the United States all or a substantial portion of components to form a product or system within one or more of the patents in the Patents-In-Suit, including by supplying or causing to be supplied in or from the United States the Accused Products, in such a manner as to actively induce the combination of such components outside of the United States in a manner that would infringe one or more of the patents of the Patents-In-Suit if such combination occurred within the United States; and/or

(d)  by supplying or causing to be supplied in or from the United States a component of a product or system within one or more of the patents of the Patents-In-Suit that is especially made or especially adapted for use according to one or more of the patents of the Patents-In-Suit and is not a staple article or commodity of commerce suitable for substantial non-infringing use, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe one or more of the patents of the Patents-In-Suit if such combination occurred within the United States,

including by supplying or causing to be supplied in or from the United States one or more of the Accused Products; and/or

(e) actively inducing one or more of the activities identified in subparagraphs (a) through (d) hereof.

13. CallCopy had actual knowledge and/or notice from a time prior to the filing of the present complaint of at least: the '361 patent; the '285 patent; the '735 patent; the '000 patent; the '290 patent; the '854 patent; the '994 patent; the '534 patent; and the '608 patent.

14. By letter dated May 12, 2011, VSI contacted CallCopy and invited CallCopy to participate in the Open Innovation Network, or OIN. OIN is a licensing program under which VSI offers to grant, under reasonable terms, a world-wide license to its extensive portfolio of patents directed, in part, to the analysis, recording, monitoring, transmission, and/or security of electronic communications such as telephonic, facsimile, and e-mail communications. In its May 12th correspondence, VSI provided CallCopy with claim charts showing how CallCopy's activities fall within the claim scope of various patents within the OIN, including those patents listed in Paragraph 13 hereof.

15. By letter dated July 2, 2011 from VSI to the President of CallCopy, Jeff Canter, VSI reiterated its invitation for CallCopy to participate in the OIN, and offered to meet with Mr. Canter in an attempt to amicably resolve this issue. By letter dated March 13, 2012, VSI contacted CallCopy's outside counsel and informed CallCopy of the benefits of participation in the OIN. VSI also identified other companies that had already agreed to take licenses under the patents in the OIN. On about April 4, 2102, CallCopy, through its outside counsel, informed VSI of its refusal to participate in the OIN.

16. Verint has been damaged as a result of CallCopy's acts of patent infringement in an amount to be determined at trial.

17. Verint will suffer imminent and irreparable injury unless this Court enjoins CallCopy from further acts of infringement.

18. CallCopy's acts of infringement have been carried out deliberately and willfully, without the consent of Verint, at least with respect to the '361 patent; the '285 patent; the '735 patent; the '000 patent; the '290 patent; the '854 patent; the '994 patent; the '534 patent; and the '608 patent, entitling Plaintiffs to treble damages under 35 U.S.C. § 284.

19. This is an exceptional case entitling Verint to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT I
**(Infringement of the '361 patent)**

20. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 19 above.

21. The '361 patent, entitled "Signal Monitoring Apparatus Analyzing Voice Communication Content," was duly and legally issued on June 29, 2004 and is currently in full force and effect and has been since the date of issuance. A copy of the '361 patent is attached hereto as Exhibit A.

## COUNT II
**(Infringement of the '285 patent)**

22. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 21 above.

23. The '285 patent, entitled "System and Method for Recording Voice and the Data Entered by a Call Center Agent and Retrieval of These Communication Streams for Analysis or

Correction," was duly and legally issued on April 10, 2007 and is currently in full force and effect and has been since the date of issuance. A copy of the '285 patent is attached hereto as Exhibit B.

## COUNT III
### (Infringement of the '735 patent)

24. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 23 above.

25. The '735 patent, entitled "Method, Apparatus, and System for Capturing Data Exchanged Between a Server and a User," was duly and legally issued on May 20, 2008 and is currently in full force and effect and has been since the date of issuance. A copy of the '735 patent is attached hereto as Exhibit C.

## COUNT IV
### (Infringement of the '000 patent)

26. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 25 above.

27. The '000 patent, entitled "System and Method for Analysing Communications Streams," was duly and legally issued on August 11, 2009 and is currently in full force and effect and has been since the date of issuance. A copy of the '000 patent is attached hereto as Exhibit D.

## COUNT V
### (Infringement of the '290 patent)

28. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 27 above.

29. The '290 patent, entitled "Recording Using Proxy Servers," was duly and legally issued on November 3, 2009 and is currently in full force and effect and has been since the date of issuance. A copy of the '290 patent is attached hereto as Exhibit E.

## COUNT VI
### (Infringement of the '854 patent)

30. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 29 above.

31. The '854 patent, entitled "Systems and Methods for Protecting Information," was duly and legally issued on August 10, 2010 and is currently in full force and effect and has been since the date of issuance. A copy of the '854 patent is attached hereto as Exhibit F.

## COUNT VII
### (Infringement of the '994 patent)

32. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 31 above.

33. The '994 patent, entitled "Systems and Methods for Recording Audio," was duly and legally issued on December 14, 2010 and is currently in full force and effect and has been since the date of issuance. A copy of the '994 patent is attached hereto as Exhibit G.

## COUNT VIII
### (Infringement of the '568 patent)

34. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 33 above.

35. The '568 patent, entitled "Systems and Methods for Providing Recording as a Network Service," was duly and legally issued on March 8, 2011 and is currently in full force and effect and has been since the date of issuance. A copy of the '568 patent is attached hereto as Exhibit H.

## COUNT IX
### (Infringement of the '889 patent)

36. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 35 above.

37. The '889 patent, entitled "Method and System for Communications Monitoring," was duly and legally issued on April 12, 2011 and is currently in full force and effect and has been since the date of issuance. A copy of the '889 patent is attached hereto as Exhibit I.

## COUNT X
### (Infringement of the '886 patent)

38. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 above.

39. The '886 patent, entitled "Call Control Recording," was duly and legally issued on June 12, 2012 and is currently in full force and effect and has been since the date of issuance. A copy of the '886 patent is attached hereto as Exhibit J.

## COUNT XI
### (Infringement of the '056 patent)

40. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 39 above.

41. The '056 patent, entitled "Systems and Methods for Endpoint Recording Using a Media Application Server," was duly and legally issued on June 19, 2012 and is currently in full force and effect and has been since the date of issuance. A copy of the '056 patent is attached hereto as Exhibit K.

## COUNT XII
### (Infringement of the '871 patent)

42. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 41 above.

43. The '871 patent, entitled "Systems and Methods for a Secure Recording Environment," was duly and legally issued on October 16, 2012 and is currently in full force and effect and has been since the date of issuance. A copy of the '871 patent is attached hereto as Exhibit L.

## COUNT XIII
### (Infringement of the '534 patent)

44. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 43 above.

45. The '534 patent, entitled "Utilizing Spare Processing Capacity to Analyze a Call Center Interaction," was duly and legally issued on August 17, 2010 and is currently in full force and effect and has been since the date of issuance. A copy of the '534 patent is attached hereto as Exhibit M.

## COUNT XIV
### (Infringement of the '608 patent)

46. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 45 above.

47. The '608 patent, entitled "System and Method to Acquire Audio Data Packets for Recording and Analysis," was duly and legally issued on August 31, 2010 and is currently in full force and effect and has been since the date of issuance. A copy of the '608 patent is attached hereto as Exhibit N.

## COUNT XV
### (Infringement of the '324 patent)

48. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 47 above.

49. The '324 patent, entitled "VOIP Voice Interaction Monitor," was duly and legally issued on April 24, 2012 and is currently in full force and effect and has been since the date of issuance. A copy of the '324 patent is attached hereto as Exhibit O.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That Defendant CallCopy has been and is infringing, is contributing to the infringement of, and is actively inducing infringement of the Patents-in-Suit;

2. That Defendant and its officers, agents, and employees and all others in concert or participation with them be preliminarily and permanently enjoined from further acts of infringement of the Patents-in-Suit under 35 U.S.C. § 283;

3. That Plaintiffs be awarded damages adequate to compensate them for Defendant's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284;

4. That Plaintiffs be awarded treble the damages they have incurred by reasons of Defendant's acts of deliberate and willful infringement of the Patents-in-Suit under 35 U.S.C. § 284;

5. That Defendant be required to pay Plaintiffs' reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285;

6. That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in

detail the manner and form in which Defendant has complied with this injunction ordered by this Court;

  7. That Defendant be required to pay all of Plaintiffs' costs and expenses, including expert witness fees; and

  8. That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

Dated: April 8, 2013

FOX ROTHSCHILD LLP

 /s/ Vincent J Poppiti
Vincent J. Poppiti (#100614)
vpoppiti@foxrothschild.com
Austen C. Endersby (#5161)
aendersby@foxrothschild.com
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-7444

*Attorneys for Plaintiffs
Verint Systems Inc. and
Verint Americas Inc.*

*Of Counsel*:

Joseph F. Posillico, Esq.
Frank T. Carroll, Esq.
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2000