IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VERINT SYSTEMS INC. and <br> VERINT AMERICAS INC., <br><br> Plaintiff, <br><br> v. <br><br> CALLCOPY INC., <br><br> Defendant. | Civil Action No. 13-562-GMS |

## MEMORANDUM

### I. INTRODUCTION

On April 8, 2013, the plaintiffs Verint Systems Inc. ("VSI") and Verint Americas Inc. ("VAI") (collectively, "Verint") initiated this action against the defendant CallCopy, Inc. ("CallCopy") alleging that eight (8) CallCopy products (collectively, the "Accused Products") infringe one or more of fifteen (15) identified patents (collectively, the "patents-in-suit"). (D.I. 1.) On July 25, 2013, Verint filed an amended complaint withdrawing infringement allegations for three (3) of the originally identified patents. (D.I. 21.) Presently before the court is CallCopy's Motion to Transfer to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a). (D.I. 7.) For the reasons that follow, the court will grant the motion.

### II. BACKGROUND

VSI is a Delaware corporation with its principal place of business in Melville, New York. (D.I. 1 at ¶ 1.) VAI is a Delaware corporation with its principal place of business in Roswell, Georgia. (*Id.* at ¶ 2.) VAI is the owner of the patents-in-suit (D.I. 9 at 2.), and is a wholly owned

subsidiary of VSI. (D.I. 1 at ¶ 1.) CallCopy is a Delaware corporation with its principal place of business in Columbus, Ohio. (*Id.* at ¶ 3.)

The patents-in-suit are generally related to the analysis, recording, monitoring, transmission, and/or security of electronic communications. (*Id.* at ¶ 5.) Verint alleges that CallCopy has infringed and continues to infringe the patents-in-suit by manufacturing, using, selling, offering to sell, installing, distributing, exporting, and/or importing the Accused Products. (*Id.* at ¶ 8.) On April 18, 2013, CallCopy filed a motion to transfer venue to the Southern District of Ohio. (D.I. 7.)

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under this provision, a district court may exercise "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The court undertakes a two-step inquiry in order to resolve a motion to transfer. "The court first asks whether the action could have been brought in the proposed transferee venue and then determines whether transfer to a different forum would best serve the interests of justice and convenience." *Smart Audio Techs., L.L.C. v. Apple, Inc.*, 910 F. Supp. 2d 718, 724 (D. Del. 2012). At each step, the defendant has the burden to demonstrate that a transfer is appropriate, *Jumara*, 55 F.3d at 879-80, and "unless the balance of convenience of the parties is *strongly* in

favor of the defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

With regard to the second step of the inquiry, where court considers whether the litigation would more conveniently proceed and the interests of justice be better served by transferring the case, the Third Circuit has instructed district courts to look to the various private and public interests protected by § 1404(a) rather than to any "definitive formula." *Jumara*, 55 F.3d at 879. The private interests may include:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). And the public interests may include:

> the enforceability of the judgment: practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

## IV. DISCUSSION

Consistent with the two-step analysis detailed above, the court will first address the question of whether this action might have been brought in the proposed transferee forum. Verint does not dispute CallCopy's assertion that the present action could have been brought in the Southern District of Ohio. *See* 28 U.S.C. §§ 1338(a) and 1400(b); (D.I. 9 at 4 n.1.) Since Verint

could have brought the present action in the Southern District of Ohio, the court proceeds to the second step of the transfer analysis -- weighing of the *Jumara* factors.

The parties have all chosen legitimate forums in which to pursue the present litigation. Verint has chosen to file suit in a district where it is not physically located; therefore, its forum choice is accorded increased weight in the analysis, but less than paramount consideration. *See Linex Techs., Inc. v. Hewlett-Packard Co.,* No. 11-400-GMS, 2013 U.S. Dist. LEXIS 1924, at *10 (D. Del. Jan. 7, 2013) (citing *In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1223 (Fed. Cir. 2011)). CallCopy's choice of its principal place of business is also a traditional and legitimate venue. However, plaintiffs have historically been accorded the privilege of choosing their preferred venue for pursuing their claims, the court therefore declines to elevate CallCopy's choice of venue over that of Verint. As such, this factor weighs against transfer.

"[A]s a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes uses offers to sell, or sells any patented invention' without authority." *Cellectis S.A. v. Precision Biosciences, Inc.,* 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. §271(a)). This factor is generally neutral where the defendant in a patent infringement action operates on a national level as the infringement can be viewed as occurring in all districts. *Smart Audio,* 910 F. Supp. 2d at 730. But the court has acknowledged that infringement claims have even deeper roots in the forum where the accused products were developed. *Id.* Here, CallCopy argues that it has never had a Delaware customer, and that the Accused Products have not been sold in Delaware, are marketed solely in and from Columbus Ohio, and were developed in Columbus, Ohio. (D.I. 8 at 1, 5.) Verint argues that CallCopy solicits sales in Delaware via its website (D.I. 9 at 9-10), and maintains sales positions

that service the greater Philadelphia area, Baltimore, and New York City. (*Id.* at 3-4.) This factor slightly favors transfer.

In evaluating the convenience of the parties, the court considers: "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Smart Audio*, 910 F. Supp. 2d at 731 (citation omitted). Here, the patent owner VAI is located in Georgia, the parent company VSI is located in New York, and CallCopy is located in Ohio. As such, all parties will need to travel for trial if the case remains in Delaware. Verint argues that New York "is a mere 90 minute train ride from the Delaware courthouse," (D.I. 9 at 1), but fails to account for the fact that its "employees in Georgia and in the United Kingdom who have had a substantial role in the conception and development of Verint's intellectual property," (*Id.* at 3), are not conveniently located in New York. In contrast, transfer would substantially reduce CallCopy's traveling costs. Additionally, Verint is a larger entity ($796 million corporation with 3,200 employees) in comparison to CallCopy ($20 million corporation with 134 employees). (D.I. 16 at 7.) These facts favor transfer. But CallCopy is a Delaware corporation, and the court has recognized that an entity's "decision to incorporate in Delaware suggest[s] that the inconvenience of litigating here is somewhat less than the court would ordinarily presume it to be." *Linex Techs.*, 2013 U.S. Dist. LEXIS 1924, at *15. Accordingly, the court finds that this factor is neutral.

Considering the convenience of the witnesses and specifically whether witnesses "actually may be unavailable for trial in one of the fora," CallCopy has not indicated any third-

5

party witnesses that would be unavailable for trial. Similarly, Verint has not identified any particular third-party trial witnesses, but it "anticipates calling third-party witnesses located within the compulsory process of this court to help prove its infringement claims." (D.I. 9 at 13.) Verint states that it requested a list of CallCopy's customers that operate within the regions of this court's subpoena power, but that CallCopy refused to produce the list. (*Id.*) Verint has requested limited venue discovery to reveal Delaware entities that have purchased and/or used the Accused Products and would be outside the subpoena power of a court in the Southern District of Ohio. (*Id.* at 14.) The court declines Verint's request for venue discovery as the caselaw it cites in support relates to allowing discovery to establish personal jurisdiction over a defendant, which is not at issue in the present case. As such, the court finds this factor is neutral.

For location of books and records factor, the court has acknowledged that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Smart Audio*, 910 F. Supp. 2d at 732 (citation omitted). And although technological advances have made transportation of electronic evidence far less onerous, the court "cannot simply ignore the location of the relevant books and records." *Id.* (citing *In re Link_A_Media Devices Corp.*, 662 F.3d 122, 1224 (Fed. Cir. 2011)). As all the documents relating to the design and sale of the Accused Products are located in Columbus, Ohio, (D.I. 8 at 1), this factor weighs slightly in favor of transfer.

With regard to the public interest factors, practical considerations weigh toward transfer and the remaining factors are neutral. For practical considerations, neither party identifies issues of judicial economy and efficiency; rather, they focus their arguments on considerations of

private costs and party convenience. Verint notes that transfer would simply shift the expense of local counsel from one party to another. (D.I. 9 at 16.) CallCopy reiterates its convenience argument discussed, above, (DI. 8 at 9), and argues that litigation in the Southern District of Ohio would be more practical because "the majority of trial witnesses will undoubtedly be employees of either CallCopy or [VAI] -- for whom Ohio is a more convenient forum." (D.I. 16 at 9.) Further, CallCopy argues that none of the parties have facilities, offices, or employees in Delaware. (*Id.* at 1.) Those facts, coupled with the facts detailed in the private interest factor "convenience of the parties" discussion above lead the court to conclude practical considerations of efficiency, expense, and ease favor transfer. Specifically, while the court found the private factor neutral because CallCopy is incorporated in Delaware and, therefore, cannot argue that it is an inconvenient forum, the underlying facts discussed in that section do recommend transfer as the court finds that the aggregate litigation costs would be reduced by litigating in Ohio. Thus, the court concludes that the "practical considerations" factor weighs in favor of transfer.

For relative administrative difficulty, the parties site multiple court statistics.[1] The court finds the factor neutral and notes that this case will be scheduled consistent with the parties' proposal. The local interest factor is neutral because a patent infringement action is more properly described as a national controversy. *See Smart Audio*, 910 F. Supp. 2d at 733-34 (citing *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012)). Similarly, enforceability of the judgment, public policies of the fora, and familiarity of the judge with state law are neutral in this transfer analysis.

---

[1] CallCopy notes that the District of Delaware had 889 pending patent cases and 1,165 weighted filings per judge, while the Southern District of Ohio had 37 pending patent cases and 460 weighted filings per judge, as of the same reporting period. (D.I. 8 at 10.) Verint counters that those statistics are misleading because the median time from filing to trial for civil cases was similar in both districts -- 29.8 months in the District of Delaware and 29.1 months in the Southern District of Ohio.

7

## V.     CONCLUSION

Considering the *Jumara* factors as a whole, the court believes that CallCopy has met its burden of demonstrating that the interests of justice and convenience strongly favor transfer. Notably, only Verint's forum preference weighs against transfer, and that preference was not afforded maximum deference in this case. On the other hand, several factors counsel transfer: the location where the claim arose; the location of relevant books and records; and practical considerations that might make trial easier and less expensive.

For the reasons stated above, the court will grant CallCopy's Motion to Transfer to the Southern District of Ohio (D.I. 7) pursuant to 28 U.S.C. § 1404(a).

Dated: September 23, 2013

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VERINT SYSTEMS INC. and VERINT AMERICAS INC., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 13-562-GMS |
| CALLCOPY INC., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

At Wilmington, this 23rd day of Septembber, 2013, consistent with the Memorandum Opinion issued this same date, IT IS HEREBY ORDERED THAT:

1. The CallCopy Inc.'s Motion to Transfer to the Southern District of Ohio (D.I. 7) is GRANTED; and

2. The above-captioned action is transferred to the U.S. District Court for the Southern District of Ohio.

_____
CHIEF, UNITED STATES DISTRICT JUDGE